1  Jamie Rudman (SBN 166727)
      rudman@sanchez-amador.com
2  Jasmine S. Horton (SBN 272297)
      horton@sanchez-amador.com
3  SANCHEZ & AMADOR, LLP
   800 S. Figueroa Street, 11th Floor
4  Los Angeles, California 90017
   (213) 955-7200 Tel
5  (213) 955-7201 Fax

6  Attorneys for JPMorgan Chase Bank,
   N.A., *erroneously sued as* J.P. Morgan
7  Chase National Corporate Services, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| HIRUT DEMOZE, an individual;<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J.P. MORGAN CHASE NATIONAL CORPORATE SERVICES, INC., a corporate entity form unknown; and DOES 1-50, inclusive,<br><br>　　　　　Defendants. | Case No.<br><br>**DEFENDANT JPMORGAN CHASE BANK, N.A.'S NOTICE OF REMOVAL OF CIVIL ACTION (DIVERSITY)**<br><br>[Los Angeles Superior Court Case No. 20STCV37764] |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF HIRUT DEMOZE AND HER COUNSEL OF RECORD:

　　　　Pursuant to 28 U.S.C. §§ 1332, 1367, and 1441, Defendant JPMorgan Chase Bank, N.A., *erroneously named as* "J.P. Morgan Chase National Corporate Services, Inc.," a corporate entity form unknown (hereinafter referred to as "Chase") hereby removes the above-captioned action from the Superior Court of California, County of Los Angeles, to the United States District Court, Central District of California, Western Division.  The ground for removal is complete diversity of citizenship, as fully stated below.

## PROCEDURAL BACKGROUND

1. On or about October 1, 2020, Plaintiff Hirut Demoze filed an action in the Superior Court of California, County of Los Angeles, Case No. 20STCV37764, entitled *HIRUT DEMOZE, an individual; Plaintiff, v. J.P. MORGAN CHASE NATIONAL CORPORATE SERVICES, INC, a corporate entity form unknown; and DOES 1-50, inclusive, Defendants* (the "State Court Action").

2. Plaintiff asserts eight causes of action in the State Court Action against Chase, her former employer, for: (1) Disability Discrimination in Violation of Gov. Code § 12940 *et seq.*; (2) Race and National Origin Discrimination in Violation of Gov. Code § 12940 *et seq.*; (3) Failure to Accommodate in Violation of Gov. Code § 12940(m); (4) Failure to Engage in Interactive Process in Violation of Gov. Code § 12940(n); (5) Failure to Prevent Discrimination in Violation of Gov. Code § 12940(k); (6) Retaliation in Violation of Gov. Code § 12940(h); (7) Wrongful Termination; and, (8) Violation of Business and Professions Code § 17200 *et seq.*

3. On October 8, 2020, the court filed a notice of Case Management Conference and an Order to Show Cause for Failure to File Proof of Service. A true and correct copy of the notice and Order are attached hereto as **Exhibit 1**.

## TIMELINESS OF REMOVAL

4. On December 17, 2020, Plaintiff served CT Corporation System, Chase's agent for service of process, with the Summons, Complaint, and related case documents. True and correct copies of the Summons, Complaint and related documents served upon Chase through CT Corporation System are attached hereto as **Exhibit 2**.

5. On December 18, 2020, Plaintiff filed a Proof of Service of Summons, a true and copy of which is attached hereto as **Exhibit 3**.

6. On December 18, 2020, Plaintiff filed a Case Management Statement, a true and correct copy of which is attached hereto as **Exhibit 4**.

7. On January 8, 2021, the court held a Case Management Conference and

Order to Show Cause hearing. The Court's Minute Order confirms that Plaintiff filed the Proof of Service on December 18, 2020, and that Chase has until January 18, 2021, to respond to the Complaint. A true and correct copy of the Minute Order is attached hereto as **Exhibit 5**.

8. On January 14, 2021, Chase filed the Answer To Complaint. A true and correct copy of the Answer is attached hereto as **Exhibit 6**.

9. Pursuant to 28 U.S.C. § 1446(a), **Exhibits 1** through **6** constitute all the pleadings that have been filed in this action as of the date of the filing of this Notice of Removal. No other process, pleadings or papers have been filed in said action and no further proceedings have been had.

10. Defendants "DOES 1-50, inclusive" have not been identified, nor is there any record of their having been served with the Summons or the Complaint in the State Court Action.

11. This removal is timely filed as required by 28 U.S.C. § 1446(b) having been accomplished within 30 days of the date of first service of the State Court Action on Chase, which was December 17, 2020, and within one year of the date the State Court Action was filed on October 1, 2020.

## DIVERSITY JURISDICTION

12. **Basis of Original Jurisdiction**. Diversity jurisdiction exists where there is diversity of citizenship between the parties at the time the lawsuit is filed. *See*, *Grupo Dataflux v. Atlas Global Group*, 541 U.S. 567, 570 (2004). Chase is entitled to remove the State Court Action on the ground that this Court has original jurisdiction in this action pursuant to 28 U.S.C. § 1332 and it is an action which may be removed to this Court by Chase pursuant to the provisions of 28 U.S.C. § 1441(b), because: (1) it is a civil action between citizens of different states, as Plaintiff is a citizen of California, and Chase is a citizen of Ohio; and (2) it involves an amount in controversy that exceeds the sum of $75,000, exclusive of interest and costs.

13. **Plaintiff's Citizenship**. Plaintiff is a citizen and resident of the State of California.

14. **Defendant Chase's Citizenship**. Chase's Articles of Association (**Exhibit 7**) state that Ohio is the locus of its main office. Pursuant to 28 U.S.C. §§ 1332 and 1348, and the United States Supreme Court's decision in *Wachovia Bank N.A. v. Schmidt*, 546 U.S. 303 (2006), Chase is "located" in Ohio, the state designated in its Articles of Association as the locus of its main office. *See also, Ellis v. J.P. Morgan Chase & Co.*, 950 F. Supp. 2d 1062, 1068 n.1 (N.D. Cal. 2013) (noting that JPMorgan Chase Bank, N.A. is organized as a national association under the National Bank Act, with its principal place of business in Ohio); *Excelsior Funds, Inc. v. JP Morgan Chase Bank, N.A.*, 470 F. Supp. 2d 312, 317 (S.D.N.Y. 2006) (denying motion to remand removed action since JPMorgan Chase Bank, N.A. is located in Ohio for diversity jurisdiction purposes.)

15. **Doe Defendants Are Disregarded For Purposes of Removal**. Pursuant to 28 U.S.C. Section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. Section 1332. *Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980). Thus, the existence of Doe defendants 1 to 50, inclusive, does not deprive this Court of jurisdiction.

16. **Amount in Controversy**. In determining diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 USC § 1446(c)(2). Here, Plaintiff's Prayer for Relief states that she demands: "(f)or all actual, consequential, and incidental damages, including but not limited to loss of earnings and employee benefits, according to proof, but *no less than three hundred thousand dollars*." Compl. ¶ 25, 42, 56, 71 and Prayer (emphasis added.). Although Chase does not concede that it is liable to Plaintiff for this or any amount, Plaintiff's Prayer for Relief establishes that the amount in controversy exceeds the $75,000 jurisdictional minimum.

17. **Venue**. Venue is proper in the Central District of California because this district embraces the Los Angeles County Superior Court, the court in which this action is currently pending. 28 U.S.C. §1441(a); *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 666 (1953) (holding the venue of a removed action is governed by 28 U.S.C. §1441(a) and is properly laid in the district embracing the place where the action is pending.) Plaintiff, likewise, pleads in her Complaint that Los Angeles County, California is the appropriate venue for this action. Compl. ¶ 9.

18. **Conclusion**. Complete diversity of citizenship exists inasmuch as Plaintiff is a citizen of California and Chase is a citizen of Ohio. Furthermore, the amount in controversy exceeds $75,000. Accordingly, this Court has diversity jurisdiction of this matter pursuant to 28 U.S.C. §§1332, 1441, and 1446, and Chase has properly removed the State Court Action to this Court.

19. This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County of Los Angeles.

20. In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders" from the state court action served on Chase or filed by Chase are attached hereto as **Exhibits 1** through **6**.

21. WHEREFORE, Chase prays that the State Court Action be removed from the Superior Court of California, County of Los Angeles, to this Court.

DATED: January 15, 2021

SANCHEZ & AMADOR, LLP

Jamie Rudman
Jasmine S. Horton
Attorneys for JPMorgan Chase Bank, N.A., *erroneously sued as* J.P. Morgan Chase National Corporate Services, Inc.