**EXHIBIT 2**

 CT Corporation

**Service of Process Transmittal**
12/17/2020
CT Log Number 538762762

TO:     Tonya Anderson
        JPMorgan Chase Bank, N.A.
        700 KANSAS LN
        MONROE, LA 71203-4774

RE:     **Process Served in California**

FOR:    J.P. Morgan Chase National Corporate Services, Inc.   (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | HIRUT DEMOZE, etc., Pltf. vs. J.P. MORGAN CHASE NATIONAL CORPORATE SERVICES, INC., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 20STCV37764 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/17/2020 at 01:57 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/17/2020, Expected Purge Date: 01/16/2021<br><br>Image SOP |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>818 West 7th Street<br>Los Angeles, CA 90017<br>800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                        Thu, Dec 17, 2020

**Server Name:**                 Jimmy Lizama

| Entity Served | J.P. MORGAN CHASE NATIONAL CORPORATE SERVICES, INC. |
|---|---|
| Agent Name | C T CORPORATION SYSTEM |
| Case Number | 20STCV37764 |
| Jurisdiction | CA |



Electronically FILED by Superior Court of California, County of Los Angeles on 10/01/2020 11:20 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez,Deputy Clerk
20STCV37764

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
  J.P. MORGAN CHASE NATIONAL CORPORATE SERVICES, INC., a corporate entity form unknown;
  and DOES 1-50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

  HIRUT DEMOZE, an individual;

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

  You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

  There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

  *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

  *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: Stanley Mosk Courthouse<br>*(El nombre y dirección de la corte es):*  111 North Hill Street<br>                     Los Angeles, CA 90012 | CASE NUMBER: *(Número del Caso):*<br>**20STCV37764** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
 Jihad M. Smaili (SBN: 262219); SMAILI & ASSOCIATES, PC; 600 W. Santa Ana Blvd., Suite 202, Santa Ana, CA 92701; 714-547-4700

| | | |
|---|---|---|
| DATE:   10/01/2020<br>*(Fecha)* | Clerk, by  Sherri R. Carter Executive Officer / Clerk of Court<br>*(Secretario)*   H. Flores-Hernandez | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*


[SEAL]

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* J.P. MORGAN CHASE NATIONAL CORPORATE SERVICES, INC., a corporate entity form unknown
    under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
              ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
              ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
              ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

Electronically FILED by Superior Court of California, County of Los Angeles on 10/01/2020 01:20 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez, Deputy Clerk

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Jihad M. Smaili, Esq. [262219]<br>SMAILI & ASSOCIATES, PC<br>Civic Center Plaza Towers 600 W. Santa Ana Blvd., Suite 202<br>Santa Ana, California 92701<br>TELEPHONE NO.: 714-547-4700   FAX NO.: 714-547-4710<br>ATTORNEY FOR *(Name)*: HIRUT DEMOZE | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Los Angeles**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
HIRUT DEMOZE v. J.P. MORGAN CHASE NATIONAL CORPORATE SERVICES, INC.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | **20STCV37764**<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [✓] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a.[✓] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c.[✓] punitive
4. Number of causes of action *(specify)*: 8
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 1, 2020

Jihad M. Smaili, Esq.                    ▶ /s/ Jihad M. Smaili
_____          _____
(TYPE OR PRINT NAME)                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one box for the case type that best describes the case.** If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| HIRUT DEMOZE v. J.P. MORGAN CHASE NATIONAL CORPORATE SERVICES, INC. | |

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| HIRUT DEMOZE v. J.P. MORGAN CHASE NATIONAL CORPORATE SERVICES, INC. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☒ A6037  Wrongful Termination | 1, 2, ③ |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation     Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 2 of 4

| SHORT TITLE: HIRUT DEMOZE v. J.P. MORGAN CHASE NATIONAL CORPORATE SERVICES, INC. | | CASE NUMBER |
|---|---|---|

| | A. Civil Case Cover Sheet Category No. | B. Type of Action (Check only one) | C. Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| HIRUT DEMOZE v. J.P. MORGAN CHASE NATIONAL CORPORATE SERVICES, INC. | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☐ 1. ☐ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | 2710 Media Drive Center |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Los Angeles | CA | 90056 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___CENTRAL  JUDICIAL___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: September 30, 2020

*/s/ Jihad M. Smaili*

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Electronically FILED by Superior Court of California, County of Los Angeles on 10/01/2020 11:20 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez,Deputy Clerk
20STCV37764

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: David Sotelo

Jihad M. Smaili, Esq. [262219]
**SMAILI & ASSOCIATES, PC**
Civic Center Plaza Towers
600 W. Santa Ana Blvd., Suite 202
Santa Ana, California 92701
714-547-4700
714-547-4710 (facsimile)
jihad@smaililaw.com

Attorney for Plaintiff

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| HIRUT DEMOZE, an individual;<br><br>        Plaintiff,<br><br>    v.<br><br>J.P. MORGAN CHASE NATIONAL CORPORATE SERVICES, INC., a corporate entity form unknown; and DOES 1-50, inclusive,<br><br>        Defendants. | Case No.:   20STCV37764<br>Assigned for all purposes to the<br><br>**COMPLAINT:**<br>1. Disability Discrimination in Violation of Gov. Code §12940 *et seq.*<br>2. Race and National Origin Discrimination in Violation of Gov. Code §12940 *et seq.*<br>3. Failure to Accommodate in Violation of Gov. Code § 12940(m)<br>4. Failure to Engage in Interactive Process in Violation of Gov. Code § 12940(n)<br>5. Failure to Prevent Discrimination in Violation of Gov. Code § 12940(k)<br>6. Retaliation in Violation of Gov. Code §12940(h)<br>7. Wrongful Termination<br>8. Violation of Business & Professions Code § 17200 *et seq.*<br><br>**DEMAND FOR JURY TRIAL**<br>**UNLIMITED JURISDICTION** |

Smaili & Associates, P.C.

COMPLAINT

1

Plaintiff Hirut Demoze (hereinafter "Plaintiff" and/or "Jimenez") alleges as follows:

## THE PARTIES

1.     At all times mentioned herein, and at the time the causes of action arose, Plaintiff was and is an individual.

2.     Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, Defendant J.P. Morgan Chase National Corporate Services, Inc. ("J.P. Morgan"), is a corporate entity, form unknown, regularly conducting business in the State of California, and specifically, in the County of Los Angeles.  Plaintiff is further informed and believes and thereon alleges that J.P. Morgan was transacting business in the County of Los Angeles, State of California, at the time claims of Plaintiff arose.  At all times relevant, J.P. Morgan was an employer within the meaning of *Government Code* §12926(d) and as such was barred from, *inter alia*, harassing, discriminating or retaliating against Plaintiff in personnel, scheduling, employment, promotion, advancement, retention, hiring, terminating and other decisions relating to Plaintiff's employment on the basis of age, race, physical disability or medical condition, participation in protected activity, and other immutable characteristics.

3.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1—50, inclusive, are currently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff will seek leave to amend this complaint to show their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each Defendant named herein as a DOE was responsible in some manner for the occurrences and damages alleged herein.

4.     Each reference in this complaint to "Defendant" and/or "Defendants" refers to J.P. Morgan, and also refers to all Defendants sued under fictitious names, jointly and severally.

5.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this

Small & Associates, P.C.

Complaint.    Plaintiff is further informed and believes and thereon alleges that Defendants, and each of them, proximately subjected Plaintiff to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.    Likewise, Defendants, and each of them are now and/or at all times mentioned in this Complaint were the agents, servants and/or employees of some or all other Defendants, and vice-versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times mentioned in this Complaint were acting within the course and scope of that agency, servitude and/or employment.

6.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuance of said joint venture, partnership and common enterprise.

7.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, at all times mentioned in this Complaint, concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injures and/or damages alleged in this Complaint.  Plaintiff is further informed and believes and thereon alleges that Defendants, and each of them, at all times mentioned in this Complaint, approved of condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint.  Likewise, Defendants, and each of them, at all times mentioned in this Complaint aided and abetted the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages alleged in this Complaint.

8.    Plaintiff is informed and believes and thereon alleges that at all actions alleged herein committed by Defendants were committed by managing agents of Defendants, or, such conduct was known by and/or ratified by managing agents of Defendants.

## VENUE AND JURISDICTION

9.    Venue is proper in this county and this Court has jurisdiction over this matter because Defendants operate out of Los Angeles Beach, California, and, all of the

COMPLAINT

3

1    claims and causes of action alleged herein occurred and accrued in the County of Los

2    Angeles, State of California.

3                              **FACTUAL BACKGROUND**

4          10.     On or about October 9, 1993, Defendant hired Plaintiff as a Senior

5    Specialist. Her job duties included, but were not limited to, processing corporation

6    payments and depositing them into accounts.

7          11.     Throughout her employment, Plaintiff had annual reviews that noted her

8    positive contribution and diligent work product. She even volunteered monthly to

9    perform extra work by serving on the Quality Board. Her most recent performance

10   review, from September 2018, was likewise positive.  Plaintiff was, in all respects, a

11   great employee.

12         12.     However, Defendant's agent(s) utilized factors to measure Plaintiff that no

13   amount of her hard work could meet, and these factors ultimately resulted in Plaintiff's

14   termination. Despite her more than two decades of diligent work for Defendant, Plaintiff

15   was never recognized for her work. Though volunteered monthly to work on the Quality

16   Board ("Q-board"), had high production, and minimal errors—in most years, zero

17   errors—in her work, her efforts were overshadowed by her race and national origin.

18   Unfortunately these factors played a larger role in her success at Defendant than her

19   actual work because she is Black and of Ethiopian decent. Defendant's agent and

20   Plaintiff's manager, "Angela," who is of Filipino descent, repeatedly and almost

21   exclusively recognized Filipino employees. In stark contrast to the lack of recognition

22   allotted to Plaintiff, recognition for Filipino employees in Angela's charge was regularly

23   bestowed. For instance in the entire year of 2017, Plaintiff had no errors in her work. This

24   is/was an accomplishment that is/was specifically promoted and rewarded at Defendant.

25   However, Plaintiff was not recognized for this accomplishment. That same year however,

26   another employee *viz.* Susan, was recognized though she had made three errors in her

27   production. As a consequence of the recognition, Susan was then given a raise. Plaintiff

28   was not recognized, and consequently was not given a raise, though her work product

Smaili & Associates, P.C.

1   record was better than Susan. However, Plaintiff is Black and of Ethiopian decent, while
2   Susan is of Filipino decent. Plaintiff is informed and believes that race and national origin
3   played a larger role in the compensation than work product.

4       13.     This incident prompted Plaintiff to speak up that something was wrong.
5   Following her annual review in November 2017, she complained to Defendant's agent,
6   Angela, about her small raise. She explained in detail that her "average production was
7   over 140, without errors," and her raise was not congruent with her work. Angela
8   abruptly ended the conversation by arguing that Plaintiff's work was different from the
9   work of other employees, like Susan, who were producing higher quantities and without
10  errors. However, Plaintiff later had occasion to speak with Susan, who informed her that
11  she had made three errors in production that year. With this new information, Plaintiff
12  returned to speak with Angela about the discrepancy between her raise and that of Susan.
13  Instead of offering any kind of constructive response, Angela intimidated her and insisted
14  that she was justified in withholding Plaintiff's raise.

15      14.     Compensation was not the only area that Plaintiff noticed disparate
16  treatment at Defendant.  She also noticed that Angela terminated non-Filipino employees
17  at a higher rate than other employees. This observation was consistent even when the
18  non-Filipino employee held a leadership position, such as in the case of "Ina." This was
19  even the case when the termination of the non-Filipino would result in the company being
20  short-staffed. There seemed to be a ratio that Angela wanted to achieve in the branch.
21  Moreover, other managers were aware that Angela gave employees who left negative
22  reviews when potential employer contacted her for referrals.

23      15.     On or about September 4, 2018 Plaintiff attended a meeting with
24  Defendant's agent, Angela. At the meeting, Angela explained that she planned to hire
25  more people. In response, Plaintiff informed Angela that she could and wanted to work
26  more hours. Plaintiff made this request three separate times and each time Angela
27  announced that she was going to hire more people until she states, "you'll get your
28  hours." The following day, on September 5, 2018, Plaintiff spoke up during another

Smaili & Associates, P.C.

meeting with Salin, Susan, Falinish, and Angela. She again inquired about when she could expect to receive additional hours to work. Angela snapped, "Give me volume!" Absolutely startled by her aggressive tone, Plaintiff retreated back to work. Two days later, on September 7, 2018, Plaintiff was devastated to learn that she was being terminated.

16.    Upon information and belief, Plaintiff was discriminated against, harassed, retaliated against and ultimately terminated due to her disabilities, work-related injury, perceived filing/filing for workers' compensation, requests for accommodation, and engagement in protected activity. Further, Defendant refused to provide Plaintiff with workers' compensation paperwork, refused to engage in a good-faith interactive process and refused to offer any accommodation.

17.    Before filing this lawsuit, Plaintiff exhausted her administrative remedies by timely filing a complaint with the Department of Fair Employment and Housing (DFEH) and receiving a right-to-sue notice, dated August 30, 2019.

## FIRST CAUSE OF ACTION
## DISCRIMINATION IN VIOLATION OF
## CALIFORNIA GOVERNMENT CODE § 12940 *et seq.*
### (Against All Defendants)

18.    Plaintiff refers to all allegations contained in paragraphs 1-17, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

19.    California law, and particularly the Fair Employment and Housing Act ("FEHA"), codified at *Government Code* §12900 *et seq.*, prohibits discrimination against persons with a physical condition or disability, which is broadly defined therein, and which includes even the perception that a person has a medical or mental condition and/or physical condition or disability.  FEHA further prohibits discrimination based upon, *inter alia*, age, race, gender, sexual orientation, national origin, pregnancy and other immutable characteristics.

20.    Plaintiff has a disability as alleged above.

Smaili & Associates, P.C.

21. Defendant was aware of Plaintiff's on the job injury and her resulting disability, as herein alleged, because Plaintiff specifically reported said disability directly to Defendant via Defendant's supervisors and managing agents.

22. At all times herein alleged, Plaintiff was qualified for the position of employment that she held with Defendant and was able to perform the essential functions of that job.

23. Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of Plaintiff's disability, Defendant refused to engage Plaintiff in an interactive process, refused to communicate with Plaintiff, refused to accommodate Plaintiff 's medical restrictions, denied Plaintiff opportunity for advancement, promotion and the ability to earn a living, and terminated Plaintiff.

24. Defendant's discriminatory action against Plaintiff, as alleged above, constitutes unlawful discrimination in employment on account of Plaintiff's disability in violation of FEHA, and particularly *Gov't Code* §12940(a).

25. As a direct, foreseeable, and proximate result of Defendant's discriminatory action against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendants' discriminatory conduct, all in an amount subject to proof at the time of trial, but believed to be no less than three hundred thousand dollars.

26. As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to Plaintiff damage in an amount subject to proof at trial.

27. Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff 's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and

1   enabled agents to believe that their conduct was appropriate.

2      28.   Defendant, and each of them, failed to offer counseling or comfort to

3   Plaintiff and sent the unmistakable message that such conduct is appropriate in the

4   workplace.

5      29.   Plaintiff is informed and believes and thereon alleges that Defendant has a

6   systemic and wide-spread policy of discriminating against and retaliating against

7   employees with disabilities. By failing to stop the discrimination, harassment and

8   retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn,

9   directly caused a vicious cycle of wrongful conduct with impunity.

10     30.   Plaintiff is informed and believes and thereon alleges that Plaintiff's on the

11  job injury and resulting disability was a motivating factor in the decision of Defendant to

12  discriminate against her.

13     31.   The outrageous conduct of Defendant, and each of them, as alleged herein,

14  was done with oppression and malice by Defendant and its supervisors and managers,

15  along with conscious disregard of Plaintiff's rights, and were ratified by those other

16  individuals who were managing agents of Defendant.

17     32.   The conduct of Defendant as alleged hereinabove was done with malice,

18  fraud or oppression, and in reckless disregard of Plaintiff's rights under California law.

19  As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

20     33.   Plaintiff also continues to incur attorneys' fees and legal expenses in an

21  amount according to proof at the time of trial which fees and expenses are recoverable

22  pursuant to *Gov't Code* §12900 *et seq.*

23                    <u>**SECOND CAUSE OF ACTION**</u>

24           **RACE AND NATIONAL ORIGIN DISCRIMINATION**

25              **IN VIOLATION OF GOV. CODE §12940 *et seq.***

26                        **(Against all Defendants)**

27     34.   Plaintiff refers to all allegations contained in paragraphs 1-33, inclusive and

28  by such reference incorporates the same herein as though fully realleged in detail.

---

COMPLAINT

8

35. At all times herein mentioned, Gov't Code §12900 et seq. were in full force and effect and were binding on Defendant. These sections prohibit discrimination against persons based on race and/or national origin.

36. Plaintiff is Black and of Ethiopian decent.

37. Defendant was aware that Plaintiff is Black and of Ethiopian decent because Plaintiff specifically advised Defendant, and each of them, of the same.

38. Defendant treated Plaintiff differently from its other employees. Defendant treated its Caucasian and Asian employees with favoritism. Caucasian and Asian employees could expect accommodation for their disabilities).

39. At all times herein alleged, Plaintiff was qualified for the position of employment that she held with Defendant and was able to perform the essential functions of that job.

40. Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of Plaintiff's race/national origin, Defendant decided to terminate Plaintiff's employment, and in fact, did terminate Plaintiff's employment.

41. Defendant's discriminatory action against Plaintiff, as alleged above, constitutes unlawful discrimination in employment on account of Plaintiff's race/national origin, in violation of FEHA, and particularly Gov't Code §12940.

42. As a direct, foreseeable, and proximate result of Defendant's discriminatory action against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendant's discriminatory conduct, all in an amount believed to be three hundred thousand dollars, subject to proof at the time of trial.

43. As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to her damage in an amount subject to proof at trial.

44.     Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

45.     Defendants, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

46.     Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of discriminating against and retaliating against employees based on their race/national origin.  By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

47.     Plaintiff is informed and believes and thereon alleges that her race was a motivating factor in the decision of Defendant to discriminate against her and/or terminate her.

48.     The outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

49.     Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to Gov't Code §12900 et seq.

## THIRD CAUSE OF ACTION

## FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF

## CALIFORNIA GOVERNMENT CODE § 12940(m)

### (Against All Defendants)

50.     Plaintiff refers to all allegations contained in paragraphs 1-49, inclusive and

1    by such reference incorporates the same herein as though fully realleged in detail.

2          51.    Plaintiff has a disability as alleged above.

3          52.    Defendant was aware of Plaintiff's disability, as alleged above and herein.

4          53.    Defendant failed and refused to accommodate Plaintiff's needs, and, failed

5    and refused to engage in an interactive process with Plaintiff, and, failed to address

6    Plaintiff's needs in light of her disabilities.

7          54.    At all times herein alleged, Plaintiff was qualified for the position of

8    employment that she held with Defendant and was able to perform the essential functions

9    of that job if such reasonable accommodation had been made by Defendant.  At no time

10   would the performance of the functions of the employment position, with a reasonable

11   accommodation for Plaintiff's disabilities, have been a danger to Plaintiff's or any other

12   person's health or safety, nor would it have created an undue hardship to the operation of

13   Defendant's business.

14         55.    Defendant's failure to accommodate Plaintiff, as alleged above, constitutes

15   unlawful conduct in employment in violation of FEHA, and particularly *Gov't Code*

16   §12940.

17         56.    As a direct, foreseeable, and proximate result of Defendant's wrongful

18   conduct against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has

19   suffered the loss of wages, salary, benefits, the potential for advancement, and additional

20   amounts of money Plaintiff would have received but for Defendant's wrongful conduct,

21   in an amount of at least three hundred thousand dollars, all subject to proof at the time of

22   trial.

23         57.    As a direct, foreseeable, and proximate result of the wrongful conduct of

24   Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional

25   distress and anguish, humiliation, anxiety, and medical expenses all to her damage in an

26   amount subject to proof at trial.

27         58.    Plaintiff is informed and believes and thereon alleges that the above-alleged

28   actions of Defendant were the result and consequence of Defendant's failure to supervise,

1   control, direct, manage, and counsel those agents throughout Plaintiff's employment and

2   that Defendant ratified, condoned and/or encouraged the discriminatory behavior and

3   enabled agents to believe that their conduct was appropriate.

4       59.    Defendant, and each of them, failed to offer counseling or comfort to

5   Plaintiff and sent the unmistakable message that such conduct is appropriate in the

6   workplace.

7       60.    Plaintiff is informed and believes and thereon alleges that Defendant has a

8   systemic and wide-spread policy of discriminating against and retaliating against

9   employees with disabilities.  By failing to stop the discrimination, harassment and

10  retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn,

11  directly caused a vicious cycle of wrongful conduct with impunity.

12      61.    Plaintiff is informed and believes and thereon alleges that Defendant's

13  desire to avoid accommodating Plaintiff was a motivating factor in the decision of

14  Defendant to discriminate against her.

15      62.    The outrageous conduct of Defendant, and each of them, as alleged herein,

16  was done with oppression and malice by Defendant and its supervisors and managers,

17  along with conscious disregard of Plaintiff's rights, and were ratified by those other

18  individuals who were managing agents of Defendant.

19      63.    The conduct of Defendant as alleged hereinabove was done with malice,

20  fraud, or oppression, and in reckless disregard of Plaintiff's rights under California law.

21  As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

22      64.    Plaintiff also continues to incur attorneys' fees and legal expenses in an

23  amount according to proof at the time of trial which fees and expenses are recoverable

24  pursuant to *Gov't Code* §12900 *et seq.*

### FOURTH CAUSE OF ACTION

### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN

### VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940(n)

### (Against All Defendants)

*Shnaii & Associates, P.C.*

65.     Plaintiff refers to all allegations contained in paragraphs 1-65, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

66.     Plaintiff has a disability as alleged above.

67.     Defendant was aware of Plaintiff's disability, as alleged above and herein.

68.     Defendant failed and refused to engage Plaintiff in an interactive process designed to unite Plaintiff with her job.

69.     At all times herein alleged, Plaintiff was qualified for the position of employment that he held with Defendant and was able to perform the essential functions of that job if such reasonable accommodation had been made by Defendant.  At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disabilities, have been a danger to Plaintiff's or any other person's health or safety, nor would it have created an undue hardship to the operation of Defendant's business.

70.     Defendant's failure to engage with Plaintiff in an interactive process, as alleged above, constitutes unlawful conduct in employment in violation of FEHA, and particularly *Gov't Code* §12940.

71.     As a direct, foreseeable, and proximate result of Defendant's wrongful conduct against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendant's wrongful conduct, all in an amount no less than three hundred thousand dollars, subject to proof at the time of trial.

72.     As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to her damage in an amount subject to proof at trial.

73.     Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise,

1   control, direct, manage, and counsel those agents throughout Plaintiff's employment and

2   that Defendant ratified, condoned and/or encouraged the discriminatory behavior and

3   enabled agents to believe that their conduct was appropriate.

4        74.    Defendant, and each of them, failed to offer counseling or comfort to

5   Plaintiff and sent the unmistakable message that such conduct is appropriate in the

6   workplace.

7        75.    Plaintiff is informed and believes and thereon alleges that Defendant has a

8   systemic and wide-spread policy of discriminating against and retaliating against

9   employees with disabilities.   By failing to stop the discrimination, harassment and

10  retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn,

11  directly caused a vicious cycle of wrongful conduct with impunity.

12       76.    Plaintiff is informed and believes and thereon alleges that Defendant's

13  desire to avoid accommodating Plaintiff was a motivating factor in the decision of

14  Defendant to discriminate against her and ultimately terminate her.

15       77.    The outrageous conduct of Defendant, and each of them, as alleged herein,

16  was done with oppression and malice by Defendant and its supervisors and managers,

17  along with conscious disregard of Plaintiff's rights, and were ratified by those other

18  individuals who were managing agents of Defendant.

19       78.    The conduct of Defendant as alleged hereinabove was done with malice,

20  fraud or oppression, and in reckless disregard of Plaintiff's rights under California law.

21  As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

22       79.    Plaintiff also continues to incur attorneys' fees and legal expenses in an

23  amount according to proof at the time of trial which fees and expenses are recoverable

24  pursuant to *Gov't Code* §12900 *et seq.*

25                        **FIFTH CAUSE OF ACTION**

26       **FAILURE TO PREVENT DISCRIMINATION IN VIOLATION**

27          **OF CALIFORNIA GOVERNMENT CODE § 12940(k)**

28                        **(Against All Defendants)**

80.     Plaintiff refers to all allegations contained in paragraphs 1-79, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

81.     During the course of employment, Defendant, and each of them, failed to prevent or remedy discrimination, retaliation and harassment toward Plaintiff on the basis of her disability and participation in protected conduct in violation of *Government Code* §12940(k).

82.     As a direct result of the wrongful conduct of Defendant, Plaintiff suffered, and continues to suffer, substantial losses in earnings and other benefits in an amount according to proof at the time trial, including special and general damages.

83.     As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant, Plaintiff has suffered and continues to suffer emotional distress and anguish, humiliation, substantial losses in salary, bonuses, job benefits, and other employment benefits which he would have received all to her damage in a sum within the jurisdiction of the Court to be ascertained according to proof.

84.     Plaintiff is informed and believes and thereon alleges that the outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Plaintiff's supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

85.     As a proximate result of the wrongful conduct of Defendant, and each of them, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish according to proof at the time of trial.

86.     These unlawful acts were further encouraged by Defendant and done with a conscious disregard for Plaintiff's rights and with the intent, design, and purpose of injuring Plaintiff.   The conduct of Defendant alleged hereinabove was done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under California law. As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

87.     Plaintiff has also incurred and continues to incur attorneys' fees and legal

expenses in an amount according to proof at the time of trial.

## SIXTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF

### CALIFORNIA GOVERNMENT CODE §12940(h)

#### (Against All Defendants)

88.     Plaintiff refers to all allegations contained in paragraphs 1-87, inclusive, and by such reference incorporates the same herein as though fully realleged in detail.

89.     At all times herein mentioned, FEHA, *Government Code* §12940(h), was in full force and effect and was binding on Defendant.  This statute requires Defendant to refrain from retaliating against Plaintiff.

90.     Plaintiff is informed and believes and thereon alleges that as a consequence of lodging complaints with Defendants about the harassing and discriminatory acts being committed against Plaintiff, coupled with Plaintiff's disability sustained while on-the-job for which workers compensation coverage was required along with reasonable accommodation, Defendant took retaliatory action against Plaintiff by failing to conduct a good faith interactive process aimed at reuniting Plaintiff with Plaintiff  job, failing to determine the essential functions of Plaintiff's job, mistreat Plaintiff, and deny Plaintiff advancement and promotion.

91.     Defendant unlawfully retaliated against Plaintiff after he engaged in protected activity after being injured on the job, such as without limitation, filing or intending to file for workers' compensation benefits due to safety concerns and requesting accommodation, and, lodging workplace complaints related to the harassment and discrimination that she was facing, and other complaints of a hostile and unsafe working environment.

92.     As a proximate result of Defendant's willful, knowing, and intentional conduct against Plaintiff, she has sustained and continues to sustain substantial losses in Plaintiff earnings and other employment benefits and continues to suffer humiliation, emotional distress, and mental and physical pain an and anguish, and sleep dysfunction,

Smalli & Associates, P.C.

1    all to Plaintiff damage in a sum according to proof.

2         93.    These unlawful acts were further encouraged by Defendant and done with a

3    conscious disregard for Plaintiff's rights and with the intent, design, and purpose of

4    injuring Plaintiff.  In light of Defendant's willful, knowing, and intentional discrimination

5    against Plaintiff which culminated in Plaintiff discharge, Plaintiff seeks an award of

6    punitive and exemplary damages in an amount according to proof.

7         94.    Plaintiff has incurred and continues to incur legal expenses and attorney

8    fees.  Plaintiff is presently unaware of the precise amount of said expenses and fees and

9    prays leave of court to amend this Complaint when said amounts are more fully known.

## SEVENTH CAUSE OF ACTION

## WRONGFUL TERMINATION

### (Against all Defendants)

13        95.    Plaintiff refers to all allegations contained in paragraphs 1-94, inclusive and

14   by such reference incorporates the same herein as though fully realleged in detail.

15        96.    Plaintiff informed Defendants that she suffered from disabilities.  Further,

16   Defendants were aware of Plaintiff's requests for accommodation and complaints about

17   her workplace environment.  Defendants were also aware that Plaintiff filed a worker's

18   compensation claim and sought medical treatment pursuant to the same.

19        97.    *Labor Code* §232.5 makes it illegal for an employer to prohibit an

20   employee from discussing their working conditions.

21        98.    *Labor Code* §6310 protects an employee's right to complain of unsafe

22   working conditions.

23        99.    *Labor Code* §6400 requires employers to provide a work environment that

24   is safe for its employees.

25        100.   *Gov't Code* §12940 et seq., prohibits forms of discrimination against

26   protected classes of employees.

27        101.   Defendant wrongfully terminated Plaintiff in violation of a substantial and

28   fundamental public policy in that a determining and motivating factor in Defendants'

COMPLAINT

17

1   decision to terminate Plaintiff was the desire to retaliate against her because she: (i)

2   suffered on the job injury, (ii) had a disability, (iii) requested and required reasonable

3   accommodation, (iv) required an interactive process, and (v) lodged complaints.

4       102.   Plaintiff is informed and believes and thereon alleges that these factors

5   made up Defendants decision to terminate Plaintiff and/or played an important and

6   integral role in said decision.  Such discrimination was in violation of the public policy of

7   the State of California and resulted in damage and injury to Plaintiff as alleged herein.

8       103.   As a proximate result of Defendants willful, knowing, and intentional

9   discrimination and retaliation against Plaintiff, she has sustained and continues to sustain

10  substantial losses in Plaintiff earnings and other employment benefits and continues to

11  suffer humiliation, emotional distress, and mental and physical pain an and anguish, and

12  loss of sleep/sleep dysfunction, all to her damage in a sum according to proof.

13      104.   In light of Defendants willful, knowing, and intentional discrimination

14  against Plaintiff which resulted in her wrongful termination, Plaintiff seeks an award of

15  punitive and exemplary damages in an amount according to proof.

16  ### EIGHTH CAUSE OF ACTION

17  ### NINTH CAUSE OF ACTION

18  ### VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *et seq.*

19  ### (Against All Defendants)

20      105.   Plaintiff refers to all allegations contained in paragraphs 1-104 inclusive,

21  and by such reference incorporates the same herein as though fully realleged in detail.

22      106.   Defendant, and each of them, have engaged in unfair and unlawful

23  business practices as set forth above.

24      107.   Business & Professions Code § 17200 *et seq.* prohibits unlawful and unfair

25  business practices.

26      108.   By engaging in the above-described acts and practices, Defendant, and each

27  of them, have committed one or more acts of unfair, unlawful or fraudulent competition

28  within the meaning of Business & Professions Code §17200 *et seq.*

Smaii & Associates, P.C.

109.   Defendant, and each of them, have violated statutes and public policies. Through the conduct alleged in this Complaint, Defendant, and each of them, have acted contrary to public policies and have engaged in other unlawful and unfair business practices in violation of Business & Professions Code § 17200 *et seq.*, depriving Plaintiff and all interested persons of rights, benefits, and privileges guaranteed to all employees under law.

110.   As a direct and proximate result of the aforementioned acts and practices, Plaintiff has suffered a loss of money and property in the form of wages and benefits that she would have received as an employee of Defendant, and each of them.

111.   Plaintiff seeks an order of this Court awarding restitution, injunctive relief and all other relief allowed under Business & Professions Code §17200 *et seq.*, plus interest and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1. For all actual, consequential, and incidental damages, including but not limited to loss of earnings and employee benefits, according to proof, but no less than three hundred thousand dollars;

2. For restitution for unfair competition pursuant to Business & Professions Code §17200 *et seq.*, resulting from Defendants' unlawful business acts and practices, according to proof;

3. For an order enjoining Defendants and their agents, servants, and employees, and all persons acting under, in concert with, or for them, from acting in derogation of any rights or duties alleged in this Complaint;

4. For pre-judgment and post-judgment interest, according to proof;

5. For punitive and exemplary damages, according to proof;

6. For attorneys' fees, according to proof and statute;

7. For costs of suit incurred herein;

8. For such other relief and the Court may deem just and proper.

Dated: October 1, 2020                    **SMAILI & ASSOCIATES, P.C.**


                                          By:  */s/ Jihad M. Smaili*
                                              Jihad M. Smaili, Esq.
                                              Attorney for Plaintiff

Smaili & Associates, P.C.

COMPLAINT

20

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury.

Dated: October 1, 2020                    **SMAILI & ASSOCIATES, P.C.**


                                          By:  _/s/ Jihad M. Smaili_
                                               Jihad M. Smaili, Esq.
                                               Attorney for Plaintiff

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Stanley Mosk Courthouse 111 North Hill Street, Los Angeles, CA 90012 ~~Type text here~~ **NOTICE OF CASE ASSIGNMENT** **UNLIMITED CIVIL CASE** | **FILED** Superior Court of California County of Los Angeles **10/01/2020** Sherri R. Carter, Executive Officer / Clerk of Court By: H. Flores-Hernandez Deputy |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER: 20STCV37764 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | David Sotelo | 40 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

**Sherri R. Carter, Executive Officer / Clerk of Court**

on <u>10/02/2020</u>
       (Date)

By <u>H. Flores-Hernandez</u>             , Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

**APPLICATION**
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

**COMPLAINTS**
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

**CROSS-COMPLAINTS**
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**STATUS CONFERENCE**
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

**Class Actions**
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

**\*Provisionally Complex Cases**
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**